## Case No. 11,442.

### The PROMETHEUS.

[1 Lowell, 491.] [1]

District Court. D. Massachusetts. Nov., 1870.

CHARTER PARTY — BREACH — FORFEITURE — CHARTERER'S REFUSAL TO CLAIM WHEN LIBELED FOR WAGES.

1. A court of admiralty has no authority to decree the possession of a ship to her general owners on their libel, alleging that the charterers have failed to fulfill the contract on their part, the charter being one which gave possession and control of the ship to the charterers for a time certain, with no condition of forfeiture on a breach.

2. A court of admiralty may order a ship libelled for wages to be delivered to the general owners, if the charterers who are entitled to possession refuse to claim her.

T. W. Clarke, for general owners.

LOWELL, District Judge. The libellants were the general owners of this steamer, and chartered her to a corporation called the Washington and Boston Steamship Company, to run between Washington and Boston for a term of three months, for twelve hundred dollars a month, payable monthly in advance. The charterers, who had a right to buy the ship at the end of the charter, were to man, victual, and coal her, and to pay all expenses,

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

to keep her insured for the benefit of the owners, and to give security that no bills should remain unpaid so as to become a lien upon the vessel. The libellants propound that this contract has been broken by the charterers in several particulars, and pray that the possession of the vessel may be decreed to them. I cannot enter such a decree, even on a default, because the libel shows no sufficient ground on which to rest it. By their contract, the libellants have seen fit to put all the power into the hands of the other party, and to trust to their agreement for indemnity. Not merely the right to use the vessel, but the entire control and possession are surrendered, with no clause for repossession on a breach, nor any words which express or imply a condition by non-performance of which the contract may be defeated. Whether the libellants did not care to be under the liabilities of ownership as to third persons, or for whatever other reason, it is clear that they have retained no hold upon the ship by a master or otherwise. In this state of the case I am not aware that any court, whether of law, equity, or admiralty, can intervene and save the parties from the plain consequences of their contract. No authority has been shown me, and I know of none justifying such action. It is not the jurisdiction of this court, but the title of the promoters of this action that is wanting. Libel dismissed.

Another libel against the same vessel, filed a few days later, was soon after brought on and argued ex parte, in which the seamen proceeded for their wages, and the general owners of the ship intervened as claimants. It appeared in this cause that the wages were due and unpaid, and ought to have been paid by the charterers, who did not appear, and whose master formally relinquished possession to the owners.

LOWELL, District Judge. In this cause, the general owners of the ship may have a warrant to receive the vessel on filing the usual stipulation to the action. The difference in their position in the two causes is, that when they were libellants they showed no right of possession as against the persons then named as special owners. Here it is shown that they are the owners, and that the charterers do not choose to intervene, but are quite willing the vessel should be sold for their debt. If the vessel were sold, it is clear the general owners would be entitled to the proceeds, and the court is not bound to put them to the expense and danger of loss which may accompany a sale. A vessel arrested by holders of maritime liens, may be delivered to any person showing a just title, although some one who is notified and does not choose to appear may have an equal or even better right to the immediate possession. It is to be observed, too, that the failure of the charterers to claim the vessel or to pay the wages, and the affidavits in the case show that they

have in fact abandoned the vessel, while in the petitory suit, on the contrary, the allegation was that they wrongly refused to deliver up the vessel to the owners. Perhaps the truth may be that the charterers were quite ready to abandon the vessel, but could not agree upon terms of settlement with the owners. If the first libel had set up an abandonment, perhaps the evidence now adduced would have been sufficient to prove it. Warrant to deliver granted.

---

PROMETHEUS, The (HARRIS v.). See Case No. 6,127.

PROOFS OF DEBTS IN BANKRUPTCY. See Fees for Registering, Appendix.

---

### PROPELLER.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the vessels; e. g. "The Propeller Missiquoi. See Missiquoi."]

---

PROPRIETORS OF ORE BED (LIVINGSTON v.). See Case No. 8,418.